UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WALTER C. OWENS,

        Plaintiff,

v.                                            Case No. 3:24-cv-80-MMH-LLL

OFFICE OF THE ATTORNEY
GENERAL OF THE STATE OF
FLORIDA, et al.,

        Defendants.
_____

## ORDER

Plaintiff Walter C. Owens initiated this case by filing a pro se Civil Rights Complaint (Doc. 1) on January 11, 2024 (mailbox rule). On October 1, 2024, the Court directed Owens to submit an amended complaint by October 25, 2024. See Order to Amend (Doc. 8). When Owens failed to do so, the Court directed him, by December 16, 2024, to (1) show cause why the case should not be dismissed for his failure to comply or otherwise prosecute the case, and (2) file an amended complaint in compliance with the Court's Order to Amend. See Order to Show Cause (Doc. 9). On January 6, 2025, receiving no filings from Owens, the Court dismissed the case without prejudice based on Owens's failure to prosecute the action. See Dismissal Order (Doc. 10).

Before the Court now is a 40-page document titled "Judgment in a Civil Case" (Motion; Doc. 13). To the extent Owens seeks relief by this filing, relief is due to be denied. All requests for relief must be in the form of a pleading or a motion and must comply with the Federal Rules of Civil Procedure (Rule(s)) and the Local Rules of the Court. Rule 7 requires that any "request for a court order must be made by motion," and Local Rule 3.01(a) requires that all motions be supported by a memorandum of law. See Notice to Pro Se Litigant (Doc. 6). Here, Owens has not submitted a proper motion. Moreover, Owens's assertions within this filing are unclear, rambling, and sometimes incomprehensible. To the extent this document is marginally comprehensible, it is devoid of any legal authority to support relief of any type.

Initially, Owens appears to "challeng[e]" the Court's Order of Dismissal in this action. Motion at 1. He suggests he did not receive the Court's Order to Amend (Doc. 8) and that the lack of delivery justifies his delay. Id. at 12–13. However, while Owens states he "never" received the Order to Amend, he also quotes language from the Order, indicating he did receive it. Id. at 13, 14, 16. He makes no allegations regarding his receipt of the Order to Show Cause, instead vaguely suggesting prison officials thwarted his attempts at responding to the Court's orders. Id. at 12, 13. Owens provides no legal basis to challenge the Court's Dismissal Order, and his conflicting allegations, to the

extent they are comprehensible, provide no basis for the Court to vacate its Order. Thus, even if the Court were to consider Owens's request for reconsideration of the Court's Dismissal Order, the request would be denied.

Owens also seemingly requests the Court grant "voluntary" dismissal of this action. Id. at 28. Such request is moot because the Court has already dismissed the case without prejudice. To the extent Owens seeks to pursue relief based on any prison officials' actions following the filing of this action, Owens must file a new complaint in a new case.

Accordingly, it is now

**ORDERED:**

1. The requests within Petitioner's "Judgment in a Civil Case" (Doc. 1) are **DENIED**.

2. This case remains closed.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12
c:
Walter C. Owens, #R27880